ANITA SCHULTZ, Plaintiff, *v.* STATE MUTUAL LIFE ASSURANCE COMPANY OF WORCESTER, MASS., Defendant.*

Supreme Court, New York County, September 14, 1933.

* Affd., 242 App. Div. 614; leave to appeal denied by Court of Appeals, October 9, 1934.

*Louis H. Levin,* for the plaintiff.

*William J. Moran* [*Louis P. Galli* of counsel], for the defendant.

UNTERMYER, J.   These are cross-motions for summary judgment under rule 113 of the Rules of Civil Practice.   The $5,000 policy of insurance, carrying an annual premium of $251.25, was subject to an outstanding indebtedness of $1,262.41.   The annual premium, due July 22, 1931, was not paid.   At that time there was a current dividend due upon the policy of $81.75, applicable to the reduction of premiums, as provided by subdivision (b) of " Dividends."   The " Method of Applying Dividends to Payment of Premium " is expressly set forth in the policy, which, among other provisions contains the following: " If not sufficient for the annual premium, then to the payment of a semi-annual installment of the annual premium, and if not sufficient for a semi-annual, then to the payment of a quarter-annual installment of the annual premium, and continuing in like manner so long as the remaining accumulations to the credit of this policy are sufficient to pay a quarter-annual installment of the annual premium required by this policy.   *   *   * No remaining portions of such accumulations amounting to less than a quarter-annual installment of the annual premium according to the company's published rates therefor, will be applied to continuing this policy in force but will remain to the credit of this policy and be paid with the amount due hereunder when it becomes a claim."   It is evident, therefore, that the defendant was under no duty to apply to the payment of premiums more than the amount necessary to pay a quarterly premium of $65.35 due July 22, 1931, leaving a balance of $16.40 of accumulated premiums to the credit of the policy.

On October 22, 1931, the policy had a cash surrender value of $1,401.30 against the indebtedness of $1,262.41.   The company in accordance with the terms of the policy applied this balance of $138.89 to the purchase of extended insurance in the sum of $3,738 for the term of one year and eighteen days from October 22, 1931, to November 10, 1932, leaving the sum of $16.40, together with certain other small sums, to the credit of the policy.

Under these circumstances the plaintiff is not entitled to recover on the policy on the theory that the application of the full dividend resulted in extending the policy beyond the date of the death of Joseph Steinberg, and the defendant's motion for summary judgment dismissing the complaint must be granted.   In applying the sum of $65.35 only to the payment of a quarterly premium and holding the balance of $16.40 to the credit of the policy, the defendant acted strictly in accordance with the terms of the policy.

The fact that the defendant sent notice of the amount of the premium due, showing also the full amount of the dividend, is without significance. This was merely notice that, in accordance with the policy, the policyholder was entitled to credit for the full amount of the dividend if the full premium was paid. It was in no respect inconsistent with the express provisions of the policy concerning the application of dividends to premiums if the premium due July 22, 1931, was not paid.

The plaintiff's motion for summary judgment is accordingly denied and the defendant's cross-motion for summary judgment dismissing the complaint is granted.